UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHAMARI DOWARD,

                                        Plaintiff,

      -against-

CHRISTOS DEFTEREOS; UC # 36; PAUL ZAINO;
and JOHN and JANE DOE 1-10, individually and in
their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                    Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND***
***JURY DEMAND***

Docket No.
15-cv-10082

ECF CASE

         Plaintiff Shamari Doward, by his attorney Cary London, Esq., of London Indusi LLP, for

his complaint against Defendants alleges as follows:

## PRELIMINARY STATEMENT

         1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments of the United States Constitution.

         2. The claim arises from a July 30, 2015 incident in which Defendants, acting under

color of state law, unlawfully stopped and arrested Mr. Doward without probable cause. Mr.

Doward initially spent approximately 24 hours unlawfully in police custody. After multiple court

appearances, Mr. Doward's case was dismissed and sealed.

         3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Shamari Doward ("Mr. Doward") resided at all times here relevant in New York County, City and State of New York.

8. Defendant Christos Deftereos, Shield # 001081 ("Deftereos") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Deftereos was, at the time relevant herein, a Detective under Shield # 001081 of Bronx Narcotics. Defendant Deftereos is sued in his individual capacity.

9. Defendant UC # 36, ("UC #36") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant UC #36 was, at the time relevant herein, a Police Officer of the 42nd Precinct. Defendant UC #36 is sued in his individual capacity.

10. Defendant Paul Zaino, ("Zaino") was, at all times here relevant, a Detective employed

2

by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Zaino was, at the time relevant herein, a Detective of the 42nd Precinct. Defendant Zaino is sued in his individual capacity.

11. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On July 30, 2015, at approximately 12:00 a.m., Mr. Doward was walking on East 169th Street in Bronx County, New York.

15. Mr. Doward was not committing any crime or violating any law or local ordinance.

16. The Defendants, including Defendant Deftereos, Zaino, and UC #36, unlawfully stopped Mr. Doward on 169th Street.

17. The Defendants did not observe Mr. Doward commit any crime or infraction.

18. Defendants, including Defendant Deftereos, Zaino, and UC #36, told Mr. Howard to stay put and not to move.

19. Mr. Howard obeyed the Defendants' order and stood on the street for approximately

5-10 minutes.

20. Defendants, including Defendant Deftereos, Zaino, and UC #36, unlawfully handcuffed Mr. Doward.

21. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Doward.

22. Mr. Doward did not resist arrest.

23. No contraband or anything of illegality was found on Mr. Doward.

24. Defendants, including Defendant Deftereos, Zaino, and UC #36, placed Mr. Doward under arrest and transported him to central bookings.

25. Defendants, including Defendant Deftereos and Zaino, conveyed false information to prosecutors in order to have Mr. Doward prosecuted for Criminal Sale of Marijuana in the Fourth Degree and other related charges.

26. Defendants, including Defendant Deftereos, UC #36, and Zaino, prepared false sworn affidavits and false police reports relating to Mr. Dowards's arrest.

27. Mr. Doward was unlawfully held in police custody for approximately 23 hours before being arraigned on those charges.

28. At arraignments, the Judge released Mr. Doward on his own recognizance, and the matter was adjourned.

29. Defendants, including Defendant Deftereos, UC #36, and Zaino, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Doward's arrest, including a false claim they had observed Mr. Doward sell drugs.

30. Those reports were forwarded to one or more prosecutors at the Bronx County District Attorney's office.

4

31. Upon information and belief, Defendants spoke to one or more prosecutors at the Bronx County District Attorney's office and falsely informed them that Mr. Doward sold drugs on July 30, 2015.

32. The identification of Mr. Doward as a person involved in the sale of drugs by Defendants would likely influence a jury's decision.

33. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Doward without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Doward without probable cause.

34. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Doward and violate his civil rights.

35. As a direct and proximate result of the acts of Defendants, Mr. Doward suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages and loss of liberty.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

36. The above paragraphs are here incorporated by reference as though fully set forth.

37. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

39. The above paragraphs are here incorporated by reference as though fully set forth.

40. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

41. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

46. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Doward sold drugs.

50. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

51. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 28, 2015
       Brooklyn New York                                Respectfully submitted,


                                                        _____/s/ Cary London_____
                                                        *Cary London, Esq.*
                                                        Bar Number: CL2947
                                                        Attorney for Mr. Doward
                                                        London Indusi LLP
                                                        186 Joralemon Street, Suite 1202
                                                        Brooklyn, NY 11201
                                                        (718) 301-4593 – Phone
                                                        (718) 247-9391 – Fax
                                                        Cary@LondonIndusi.com