UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMARI DOWARD

                Plaintiff(s),

        - against -

CHRISTOS DEFTEREOS; UC #36L PAUL ZAINO;
JOHN and JANE DOE 1-10

                Defendant(s).

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

15 Civ. 10082 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. All parties **do** ☐ / **do not** ☑ consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). **[Check one.]**

2. This case **is** ☑ / **is not** ☐ to be tried to a jury. **[Check one.]**

3. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4. A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

6. The parties must complete fact discovery no later than 11/24/2016 _____.
   **[Insert date; typically 90 days from issuance of this scheduling order.]**

7. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

  a. Serve initial requests for production of documents by 9/7/2016 .
     **[Insert date; typically 2 weeks from issuance of this scheduling order.]**

  b. Serve interrogatories by 9/7/2016 . [Insert date; typically 2
     **weeks out from issuance of this scheduling order.]**

  c. Complete depositions of fact witnesses by 11/24/2016 . [Insert
     date; typically 90 days from issuance of this scheduling order .]

      i. Unless the parties agree or the Court so orders, the parties may not hold
         depositions until all parties have responded to initial requests for
         document production.

      ii. There is no priority in deposition by reason of a party's status as plaintiff
          or defendant.

      iii. Unless the parties agree or the Court so orders, non-party depositions must
           follow initial party depositions.

      iv. Consistent with Federal Rule of Civil Procedure 30(d), the parties may not
          extend depositions beyond one business day without prior leave of the
          Court.

  d. Serve requests to admit no later than 11/10/2016 . [Insert date;
     **typically 75 days out from issuance of this scheduling order.]**

8. The parties must complete <u>expert</u> discovery no later than N/A .
   **[Insert date; typically 30 days after end of fact discovery.]**

   a. Every party-proponent that intends to offer expert testimony in respect of a claim
      – including any counterclaim, cross-claim or third-party claim – must make the
      disclosures required by Federal Rule of Civil Procedure 26(a)(2) by
      N/A . [Insert date; typically 90 days from issuance of this order.]
      Every party-opponent of such claim that intends to offer expert testimony in respect of such
      claim must make the disclosures required by Federal Rule of Civil Procedure
      26(a)(2) by N/A . [Insert date; typically 2 weeks later.]

   b. No party may offer expert testimony – whether designated as "rebuttal" or
      otherwise – beyond the scope of the opinions that the aforesaid disclosures cover,
      except with leave of the Court, application for which must be made no later than 7
      calendar days after the latter of the dates specified in paragraph 8(a). The parties

may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8.

    c. Plaintiff(s) anticipate expert testimony concerning the following issue(s):
N/A

    d. Defendant(s) anticipate expert testimony concerning the following issue(s):
N/A

10. No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

11. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by 12/1/2016. **[Insert date; typically 1 week after the close of discovery.]** Opposition letters are due 12/4/2016. **[Insert date; typically 3 business days later.]**

12. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

13. Counsel for the parties have conferred and their present best estimate of the length of trial is: 3. **[Insert number of days.]**

14. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come <u>before</u> the Court notifies counsel of an <u>actual trial date, not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

15. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

16.    The next pretrial conference is scheduled for _____. **[To be filled in by Court after consultation with parties.]**

        This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York

      _____

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge